UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

THE NEW YORK STATE RIFLE & PISTOL
ASSOCIATION, ROMOLO COLANTONE, EFRAIN
ALVAREZ, and JOSE ANTHONY IRIZARRY,

                        Plaintiffs,

       -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT LICENSE DIVISION,

                        Defendants.

------------------------------------------------------------------- X

**ANSWER**

13 CV 2115 (RWS)
ECF Case

Defendants, the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT LICENSE DIVISION (collectively referred to as "defendants"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, dated March 29, 2013 ("complaint"), respectfully allege as follows:

    1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that the records of the New York City Police Department ("NYPD"), License Division reflect that plaintiff Romolo Colantone resided in Staten Island, New York as of the date of his last application to the License Division, and that the License Division issued him a Premises Residence firearms license.

    2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that the records of the NYPD License Division reflect that plaintiff Efrain Alvarez resided in Bronx County, New York as of the date of his last application to the License Division, and that the License Division issued him a Premises Residence firearms license.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that the records of the NYPD License Division reflect that plaintiff Jose Anthony Irizarry resided in Bronx County, New York as of the date of his last application to the License Division, and that the License Division issued him a Premises Residence firearms license.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint, except admit plaintiff New York State Rifle and Pistol Association ("NYSRPA") purports to proceed as set forth therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation incorporated pursuant to the laws of the State of New York.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the NYPD is an agency of the City of New York, and aver that the NYPD License Division is a unit within the NYPD.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that this Court has jurisdiction over this action.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that venue properly lies in this Court.

9. Deny that the allegations set forth in paragraph "9" of the complaint accurately and completely describe the cited provisions of the Penal Law and respectfully refer the Court to the law for the full text and true meaning thereof, except admit that the Penal Law requires a permit for the lawful possession of a firearm within one's home or place of business.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that residents seeking to lawfully possess a firearm, must obtain a license from the NYPD

License Division, and that there are several different types of licenses that can be obtained in New York City, and respectfully refer the Court to Title 10, chapter 3 of the New York City Administrative Code ("Admin. Code") and Title 38, chapter 5 of the Rules of the City of New York ("RCNY"), for a description of the types of firearms licenses one may apply for in New York City.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that the License Division has records dating back to 1982 reflecting that plaintiff Colantone applied for a target license, and that plaintiff Colantone has been a licensee of the License Division since that time and that, as of the date of this answer, plaintiff Colantone currently has a valid Premises Residence license issued to him.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "12" and "13" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that the records of the License Division reflect that plaintiff Alvarez had previously been issued a target license and that, as of the date of this answer, plaintiff Alvarez currently has a valid Premises Residence license issued to him.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

15. Deny the allegations set forth in paragraph "16" of the complaint, and aver that plaintiff Irizarry was issued a Premises Residence license in July 2003.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

17. Deny the allegations set forth in paragraph "18" of the complaint, and respectfully refer the Court to 38 RCNY § 5-23 for its complete text and true meaning.

18. Admit the allegations set forth in paragraph "19" of the complaint insofar as NYPD License Division Deputy Inspector Andrew Lunetta received a letter, dated May 8, 2012, from plaintiff Colantone, regarding the terms of his Premises Residence license and whether he could participate in a handgun competition in New Jersey under the terms of said license, and aver that plaintiffs did not append a copy of this letter to the complaint as described therein.

19. Deny the allegations set forth in paragraph "20" of the complaint, except admit that Deputy Inspector Lunetta wrote a letter to plaintiff Colantone, dated May 15, 2012, and respectfully refer the Court to the May 15, 2012 letter for its complete text and true content.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "21," "22," "23," and "24" of the complaint.

21. Deny the allegations set forth in paragraphs "25" and "26" of the complaint, except admit that 38 RCNY § 5-23(a)(3) authorizes holders of Premises Residence licenses to transport his or her handgun to and from an authorized small arms range or shooting club (unloaded and locked) to allow the license holder "[t]o maintain proficiency in the use of the handgun," and respectfully refer the Court to 38 RCNY § 5-23(a)(3) for its complete text and true content.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "27," "28," and "29" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph "30" of the complaint, except admit that there are gun ranges open to the public in New York State.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "31" and "32" of the complaint.

25. Deny the allegations set forth in paragraph "33" of the complaint, except admit that 38 RCNY § 5-23(a)(3) authorizes holders of Premises Residence licenses to transport his or her handgun to and from an authorized small arms range or shooting club (unloaded and locked) to allow the license holder "[t]o maintain proficiency in the use of the handgun," and that 38 RCNY § 5-22(14) states that "[t]he licensee should endeavor to engage in periodic handgun practice at an authorized small arms range/shooting club," and respectfully refer the Court to 38 RCNY §§ 5-22 and 5-23 for their complete text and true content.

26. Deny the allegations set forth in paragraph "34" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

28. Deny the allegations set forth in paragraphs "36" and "37" of the complaint.

29. For their response to paragraph "38" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "37" of the complaint, as if fully set forth herein.

30. Neither admit nor deny the allegations set forth in paragraph "39" of the complaint because it contains legal argument for which no response is required; in the event this

- 5 -

Court requires a response, deny the allegations insofar as they allege or purport to allege that plaintiffs have a valid claim against defendants.

31. Deny the allegations set forth in paragraphs "40," "41," "42," "43," "44," "45," "46," "47," "48," "49," and "50" of the complaint.

32. For their response to paragraph "51" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "50" of the complaint, as if fully set forth herein.

33. Neither admit nor deny the allegations set forth in paragraphs "52," "53," 54," and "55" of the complaint because they contain legal argument for which no response is required; in the event this Court requires a response, deny the allegations insofar as they allege or purport to allege that plaintiffs have a valid claim against defendants.

34. Deny the allegations set forth in paragraph "56," "57," "58," "59," "60," "61," and "62" of the complaint.

35. For their response to paragraph "63" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "62" of the complaint, as if fully set forth herein.

36. Neither admit nor deny the allegations set forth in paragraph "64" of the complaint because it contains legal argument for which no response is required; in the event this Court requires a response, deny the allegations insofar as they allege or purport to allege that plaintiffs have a valid claim against defendants.

37. Deny the allegations set forth in paragraphs "65," "66," "67," "68," "69," "70," and "71" of the complaint.

38. For their response to paragraph "72" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "71" of the complaint, as if fully set forth herein.

39. Neither admit nor deny the allegations set forth in paragraphs "73" and "74" of the complaint because they contain legal argument for which no response is required; in the event this Court requires a response, deny the allegations insofar as they allege or purport to allege that plaintiffs have a valid claim against defendants.

40. Deny the allegations set forth in paragraph "75," "76," "77," "78," "79," "80," "81," "82," "83," and "84" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

41. The Complaint should be dismissed as it fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

42. At all times relevant to the case, defendants acted in a lawful and reasonable manner and in accordance with the laws and the Constitution of the United States.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

43. Defendants' actions and the provisions of law in question are in all respects legal, proper and reasonable and in conformity with all applicable laws and regulations of the United States, the State of New York, and City of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

44. Some or all of the plaintiffs lack standing to assert some or all of the claims set forth in the complaint.

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein, along with costs and disbursements, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 23, 2013

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                            City of New York
                                        Attorney for Defendants
                                        100 Church Street, 5th Floor
                                        New York, NY 10007
                                        (212) 356-2199

By: _/s/ Michelle Goldberg-Cahn_
      MICHELLE GOLDBERG-CAHN
      Assistant Corporation Counsel