▶ Home ▶ Certified Questions (500.27)

Below is a listing of Rule **500.27** certified questions pending before the Court, stating the issue(s) certified and their status. Please call the Clerk's Office if you have any questions.

For those certified questions that proceed to briefing in the normal course, the briefing schedule generally will be: appellant's brief to be filed 60 days after the Court accepts the certification; respondent's brief to be filed 45 days after the date set for the filing of appellant's brief; and a reply brief, if any, to be filed 15 days after the date set for the filing of respondent's brief.

**The Court welcomes motions for amicus curiae participation from those qualified and interested in the subject matter of these certified questions. Please refer to Rule 500.23 and direct any questions to the Clerk's Office.**

---

**ISABELLA, et al. v HALLOCK, et al.:**
By order entered August 13, 2013, the United States Court of Appeals for the Second Circuit certified the following question to this Court:

"Whether a defendant may pursue a third-party contribution claim under New York Vehicle and Traffic Law § 388 against the owner of a vehicle, where the vehicle driver's negligence was a substantial factor in causing the plaintiff's injuries, but the driver is protected from suit by the exclusive remedy provisions of New York Workers' Compensation Law § 29(6)."

On September 12, 2013, the Court accepted the question. The case is being briefed.

---

**QUAKER HILLS, LLC v PACIFIC INDEMNITY CO.:**
By order entered August 29, 2013, the United States Court of Appeals for the Second Circuit certified the following questions to this Court:

"(1) In an insurance policy that provides a state dollar amount of loss coverage in the event of a fire, does a policy clause that, in exhange for a reduction in the premium charged, limits the insurer's liability to a percentage of any loss violate New York Insurance Law?

    (A) If such a clause violates New York Insurance Law, is the clause void, or is
    it voidable or subject to principles of waiver or estoppel?

(2) If such a clause is in general permissible under New York Insurance Law, is it enforceable where there has been a total loss of the subject property?

(3) If such a clause is in general permissible under New York Insurance Law, is there a limit on the percentage of liability that can be apportioned to the insured?"

On September 17, 2013, the Court accepted the questions. The case is being briefed.

---

**CARONIA, et al. v PHILIP MORRIS USA, INC.:**
By order entered May 1, 2013, the United States Court of Appeals for the Second Circuit certified the following questions to this Court:

"(1) Under New York law, may a current or former longtime heavy smoker who has not been diagnosed with a smoking-related disease, and who is not under investigation by a physician for such a suspected disease, pursue an independent equitable cause of

action for medical monitoring for such a disease?

(2) If New York recognizes such an independent cause of action for medical monitoring,

    (A) What are the elements of that cause of action?

    (B) What is the applicable statute of limitations, and when does that cause of action accrue?

On May 30, 2013, the Court accepted the questions. The case is being briefed and is scheduled for oral argument on November 13, 2013.

---

**CRUZ, et al. v TD BANK, N.A. / Martinez, et al. v Capital One Bank, N.A.:**
By order entered March 27, 2013, the United States Court of Appeals for the Second Circuit certified the following questions to this Court:

(1) "whether judgment debtors have a private right of action for money damages and injunctive relief against banks that violate EIPA's procedural requirements; and"

(2) "whether judgment debtors can seek money damages and injunctive relief against banks that violate EIPA in special proceedings prescribed by CPLR Article 52 and, if so, whether those special proceedings are the exclusive mechanism for such relief or whether judgment debtors may also seek relief in a plenary action."

On April 30, 2013, the Court accepted the questions. The case is fully briefed and is scheduled for oral argument on October 15, 2013.

---

**DOE v GUTHRIE CLINIC, LTD., et al.:**
By order entered March 25, 2013, the United States Court of Appeals for the Second Circuit certified the following question to this Court:

"Whether, under New York law, the common law right of action for breach of the fiduciary duty of confidentiality for the unauthorized disclosure of medical information may run directly against medical corporations, even when the employee responsible for the breach is not a physician and acts outside the scope of her employment?"

On April 25, 2013, the Court accepted the question. The case is fully briefed and is scheduled for oral argument on November 12, 2013.

---

**OSTERWEIL v BARTLETT, III:**
By order entered January 29, 2013, the United States Court of Appeals for the Second Circuit certified the following question to this Court:

"Is an applicant who owns a part-time residence in New York but makes his permanent domicile elsewhere eligible for a New York handgun license in the city or county where his part-time residence is located?"

On February 19, 2013, the Court accepted the certified question. Oral argument was held on September 12, 2013.

---

**GEORGITSI REALTY, LLC v PENN-STAR INSURANCE COMPANY:**
By order entered December 21, 2012, the United States Court of Appeals for the Second Circuit certified the following compound question to this Court:

"For purposes of construing a property insurance policy covering acts of vandalism, may malicious damage be found to result from an act not directly specifically at the covered property? If so, what state of mind is required?"

On January 15, 2013, the Court accepted the certified question. Oral argument was held on September 10, 2013.

---

**EXECUTIVE PLAZA, LLC v PEERLESS INSURANCE COMPANY**
By order entered May 23, 2013, the United States Court of Appeals for the Second Circuit certified the following question to this Court:

"If a fire insurance policy contains

(1) a provision allowing reimbursement of replacement costs only after the property was replaced and requiring the property to be replaced 'as soon as reasonably possible after the loss'; and

(2) a provision requiring an insured to bring suit within two years after the loss;

is an insured covered for replacement costs if the insured property cannot reasonably be replaced within two years?"

On June 25, 2013, the Court accepted the certified questions. The case is being briefed.

Cited in NYS Rifle Pistol Ass'n v City of NY 13Civ2115 Decided 9/18/13

Archived on 9/23/13

This document is protected by copyright. Further reproduction is prohibited without permission.