

ZACHARY W. CARTER, *Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHELLE GOLDBERG-CAHN
Senior Counsel
Administrative Law Division
Phone: (212) 356-2199
Fax: (212) 356-2019

March 6, 2014

**VIA ECF**
Honorable Judge Robert W. Sweet
United States District Court Judge
United States District Court Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re: The New York State Rifle & Pistol Association, et al. v. The City of New York, et al., 13 Civ. 2115 (RWS) (S.D.N.Y.)

Your Honor:

    This office represents defendants, the City of New York and the New York City Police Department – License Division, in the above-referenced action. I write in anticipation of the conference scheduled with the Court on March 19, 2014 (Docket Nos. 25 and 29) and in partial response to matters raised by plaintiffs' February 24, 2014 letter So-Ordered by this Court on March 5, 2014 (Docket Nos. 27-28).

    As this Court is aware, the plaintiffs moved for a preliminary injunction in May 2013 and the motion was fully-submitted on July 2, 2013. In September 2013, this Court issued an Opinion on the motion for a preliminary injunction wherein the Court reached certain conclusions about the merits of the motion dependent on the New York Court of Appeals' decision in Osterweil v. Bartlett, 20 N.Y.3d 1058 (2013) that was scheduled for oral argument in mid-September. Thus, this Court decided in its September 2013 Opinion to stay plaintiffs' motion for a preliminary injunction pending the Court of Appeals' decision in Osterweil. See Docket No. 22. The Court of Appeals issued a decision in Osterweil on October 15, 2013 (2013 WL 561272) and this Court issued an Order vacating the stay on plaintiffs' motion for a preliminary injunction, dated October 28, 2013 (Docket No. 23). After waiting several months and plaintiffs having taken no action regarding their motion for a preliminary injunction, on February 18, 2014, this Court issued an Order denying plaintiffs' motion for a preliminary injunction without prejudice (Docket No. 26). Recently, counsel for plaintiffs wrote this Court asking that their motion for a preliminary injunction be renewed and that letter was "so-ordered" on March 6, 2014.

While plaintiffs may be entitled to request that their motion for a preliminary injunction be renewed, it must be noted that plaintiffs waited over four months after the Court of Appeals' decision in <u>Osterweil</u> and this Court's order lifting the stay before asking the Court to issue a ruling on their motion for a preliminary injunction. Moreover, plaintiffs have offered no further reasoning in support of their motion for a preliminary injunction, particularly in light of this Court's September 2013 Opinion. Defendants maintain for all of the reasons set forth in their opposition papers, along with reasoning set forth in this Court's September 2013 Opinion and the Court of Appeals' decision in <u>Osterweil</u>, that plaintiffs are not entitled to a preliminary injunction. Indeed, defendants will raise at the March 19th conference in this matter that defendants intend to move for summary judgment in this action as plaintiffs' claims utterly fail as a matter of law, particularly in light of the <u>Osterweil</u> decision. Defendants were unable to cross-move for summary judgment given the so-called immediacy of plaintiffs' motion for a preliminary injunction last spring, however, it cannot be disputed that plaintiffs have been sitting on their so-called emergency for many months. Accordingly, defendants will seek that the parties enter into a reasonable briefing schedule on defendants' motion for summary judgment to be so-ordered by the Court.

Respectfully submitted,

Michelle Goldberg-Cahn
Assistant Corporation Counsel

Encls.

cc: Brian T. Stapleton, Esq., Goldberg & Segalla, LLP – Counsel for Plaintiffs (via ECF)