IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) Case No.: 1:13-cv-2115-RWS |
| v. | ) ) ) |
| THE CITY OF NEW YORK, et al., | ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' LOCAL RULE 56.1(a) STATEMENT
OF UNCONTESTED MATERIAL FACTS**

Plaintiffs, by and through counsel and pursuant to S.D.N.Y. L.Civ.R. 56.1(a), hereby sets forth the following statement of uncontested material facts as to which there is no genuine issue to be tried:

**A.   New York City's Licensing Regime**

1. New York State law prohibits an individual from possessing a pistol or revolver anyplace without a license. N.Y. Penal Law §§ 265.01, 265.20(a)(3). Violation of this statute is a Class A Misdemeanor punishable by up to one year in prison, a $1,000 fine, or both. N.Y. Penal Law §§ 265.01, 60.01(3), 70.15.

2. In New York City, firearms licensing is controlled by the New York City Police Department ("NYCPD"). N.Y. Penal Law §§ 265.00(10).

3. One of the licenses available for state residents to obtain is a Premises License—Residence, which allows an individual to keep a handgun in his or her home. 38 RCNY § 5-23.

4. Applicants for any license issued by the NYCPD—including Premises Licenses—must complete a detailed application form and undergo an interview with a licensing officer. 38 RCNY § 5-23.

5. Licenses are limited to persons over twenty-one years of age, of good moral character, without a serious criminal history or mental illness, and "concerning whom no good cause exists for the denial of the license." N.Y. Penal Law § 400.00(1)(a)-(d), (g).

6. New York City firearms licenses are periodically reviewed and are subject to revocation for various reasons, including violations of the terms of the license itself. 38 RCNY § 5-23.

7. It is the responsibility of the NYCPD's License Division to issue, renew, monitor, and revoke firearm permits for New York City residents. N.Y. Penal Law § 400.00.

8. Title 38 was amended in May 2001 to read as follows:

§ 5-23  Types of Handgun Licenses.

(a)  Premises License-Residence or Business. This is a restricted handgun license, issued for the protection of a business or residence premises.

> (1) The handguns listed on this license may not be removed from the address specified on the license except as otherwise provided in this chapter.
>
> (2) The possession of the handgun for protection is restricted to the inside of the premises which address is specified on the license.
>
> (3) To maintain proficiency in the use of the handgun, the licensee may transport her/his handgun(s) directly to and from an authorized small arms range/shooting club, unloaded, and in a locked container, the ammunition to be carried separately.
>
> (4) A licensee may transport his/her handgun(s) directly to and from an authorized area designated by the New York State Fish and Wildlife Law and in compliance with all pertinent hunting regulations, unloaded, in a locked container, the ammunition to be carried separately, after the licensee

has requested and received a "Police Department – City of New York Hunting Authorization" Amendment attached to her/his license.

38 RCNY § 5-23.

### B.  38 RCNY § 5-23 as applied to Plaintiffs

9.  Plaintiffs Colantone, Alvarez, and Irizarry are all holders of Premises Residence Licenses issued by New York City and subject to the restrictions of 38 RCNY § 5-23. See Affidavit of Romolo Colantone, sworn to on April 30, 2013 (Docket No. 10-1)("Colantone Aff."), ¶ 3; Affidavit of Jose Anthony Irizarry, sworn to on April 26, 2013 (Docket No. 10-2)("Irizarry Aff."), ¶ 3; and Affidavit of Efrain Alvarez, sworn to on April 25, 2013 (Docket No. 10-3)("Alvarez Aff."), ¶ 3.

10.  Previously, Plaintiff Colantone regularly traveled outside of New York City and New York State to attend shooting competitions in an effort to maintain proficiency in using his handgun. Colantone Aff., ¶¶ 4-5.

11.  On May 8, 2012, to confirm that his license allowed him to participate in a shooting competition held in New Jersey, Plaintiff Colantone wrote to Deputy Inspector Andrew Lunetta of the NYCPD License Division to inquire about the scope of 38 RCNY § 5-23's restrictions. Colantone Aff., ¶ 7; Ex. A.

12.  In a letter dated May 15, 2012, Deputy Inspector Lunetta advised Mr. Colantone that:

> The Rules of the City of New York contemplate that an authorized small arms range/shooting club is one authorized by the Police Commissioner. Therefore the only permissible ranges for target practice or competitive shooting matches by NYC Premises Residence License Holders are those located in New York City.
>
> Premises license holders who have obtained the Hunting Authorization from the License Division may transport their handgun to those areas outside of City of New

> York designated by the New York State Fish and Wildlife Law for the purpose of hunting: no areas outside of New York State are permissible for this purpose.
>
> These rules do not apply to New York City issued long gun permits. Long guns owned and registered under a NYC Rifle and Shotgun permit can be transported out of the City and back to the permit holder's residence if they are unloaded, in a locked non-transparent case, with ammunition carried separately.

Colantone Aff., Ex B.

13. Because of the restrictions 38 RCNY § 5-23 imposes, Plaintiff Colantone has refrained from engaging in target practice or participating in shooting competitions outside New York City. Colantone Aff., ¶ 13.

14. Similarly, Plaintiffs Alvarez and Irizarry have been told by out-of-state ranges that they were not permitted to engage in target practice or participate in shooting competitions at those ranges because of New York City's enforcement of 38 RCNY § 5-23. Alvarez Aff., ¶ 7; Irizarry Aff., ¶ 7.

15. Because of the restrictions 38 RCNY § 5-23 imposes, Plaintiff Colantone has refrained from transporting his handgun to his second home outside of the boundaries of New York City. Colantone Aff., ¶¶ 12,14.

16. Plaintiff Colantone's family has owned land in the Catskill region of New York for the past thirty-two years. Colantone Aff., ¶ 11. He built a second family home eight years ago in Hancock, New York. Colantone Aff., ¶ 11.

17. Colantone's Hancock house is located in a remote area and its location presents a threat to the safety of Plaintiff Colantone and his family while at the house. Colantone Aff., ¶ 11.

18. Plaintiff Colantone and his family visit the land and second home several times each year. Colantone Aff., ¶ 11.

19. In direct response to Deputy Inspector Lunetta's May 15, 2012 letter, Plaintiff Colantone has refrained from taking his handgun licensed in New York City to his house in Hancock, New York since May 15, 2012. Colantone Aff., ¶ 12.

20. Previously, Plaintiff Alvarez regularly traveled outside of New York City and New York State to attend shooting competitions in an effort to maintain proficiency in using his handgun. Alvarez Aff., ¶¶ 4-5.

21. On May 8, 2012, to confirm that his license allowed him to participate in a shooting competition held in New Jersey, Plaintiff Alvarez wrote to Deputy Inspector Andrew Lunetta of the NYCPD License Division to inquire about the scope of 38 RCNY § 5-23's restrictions. Alvarez Aff., ¶ 7; Ex. A.

22. In a letter dated May 15, 2012, Deputy Inspector Lunetta advised Mr. Alvarez that:

> The Rules of the City of New York contemplate that an authorized small arms range/shooting club is one authorized by the Police Commissioner. Therefore the only permissible ranges for target practice or competitive shooting matches by NYC Premises Residence License Holders are those located in New York City.
>
> Premises license holders who have obtained the Hunting Authorization from the License Division may transport their handgun to those areas outside of City of New York designated by the New York State Fish and Wildlife Law for the purpose of hunting: no areas outside of New York State are permissible for this purpose.
>
> These rules do not apply to New York City issued long gun permits. Long guns owned and registered under a NYC Rifle and Shotgun permit can be transported out of the City and back to the permit holder's residence if they are unloaded, in a locked non-transparent case, with ammunition carried separately.

Alvarez Aff., Ex B.

23. Because of the restrictions 38 RCNY § 5-23 imposes, Plaintiff Alvarez has refrained from engaging in target practice or participating in shooting competitions outside New York City. Alvarez Aff., ¶ 10.

24. Because of the restrictions 38 RCNY § 5-23 imposes, Plaintiff Irizarry has refrained from engaging in target practice or participating in shooting competitions outside New York City Irizarry Aff., ¶ 10.

Dated: July 15, 2014

Respectfully Submitted,

GOLDBERG SEGALLA, LLP

By: /s/ Brian T. Stapleton
Brian T. Stapleton, Esq. (BS 5640)
Christopher Bopst, Esq. (CB3168)
11 Martine Avenue, 7th Floor
White Plains, New York 10606-1934
(914) 798-5400
bstapleton@goldbergsegalla.com
cbopst@goldbergsegalla.com
*Counsel For Plaintiffs*

**CERTIFICATION**

      I hereby certify that on July 15, 2014, a copy of the foregoing Plaintiffs' Local Rule 56.1(a) Statement of Uncontested Material Facts was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing was will be sent by e-mail to the parties described below by operation of the Court's electronic filing system  or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

            ZACHARY W. CARTER
      Corporation Counsel of the City of New York
        By Michelle Goldberg-Cahn, Esq. (MG 4490)
               *Attorney for Defendants*
              100 Church St., 5th Floor
              New York, New York 10007
                migoldbe@law.nyc.gov


            By:   /s/    Christopher Bopst
                Christopher Bopst, Esq. (CB 3168)

3010495.1