IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NEW YORK STATE RIFLE AND PISTOL )
ASSOCIATION, INC., et al., )
 )
                    Plaintiffs, )    Case No.: 1:13-cv-2115-RWS
 )
v. )
 )
THE CITY OF NEW YORK, et al., )
 )
                    Defendants. )
_____)

### PLAINTIFFS' LOCAL RULE 56.1(b) STATEMENT IN RESPONSE TO DEFENDANTS' RULE 56.1(a) STATEMENT

Plaintiffs, by and through counsel and pursuant to S.D.N.Y. L.Civ.R. 56.1(b), hereby submit their response to Defendants' Local Rule 56.1(a) Statement dated June 5, 2014 (Doc. No. 37).

**I.    RESPONSE TO DEFENDANT'S LOCAL RULE 56(a)1 STATEMENT**

**Par. #**    **Defendants' Statement of "Material Fact"**

1.    Defendant, the City of New York, is a domestic municipal corporation organized and existing under the laws of the State of New York. See New York City Charter § 1.

    **Plaintiffs' Response:**

    Admitted.

**Par. #**    **Defendants' Statement of "Material Fact"**

2.    The New York City Police Department, License Division ("NYPD") reviews applications for Premises Residence firearms licenses in the City of New York and issues said licenses. See Declaration of NYPD License Division Commanding Officer Andrew Lunetta, dated May 29,2014 ("Lunetta Dec."), ¶ 1, 15-27.

    **Plaintiff's Response:**

    Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 3. | The License Division issues licenses for Premises Residence firearms in the City of New York. See Lunetta Dec., ¶¶ 1, 15-27. |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 4. | The License Division conducts an investigation of all applicants for firearms licenses in the City of New York. See Lunetta Dec., ¶¶ 1, 15-27. |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 5. | In New York City, the License Division of the New York City Police Department is responsible for processing handgun license applications, including those for premises residence handgun licenses. See Penal Law §§ 400.00; 265.00(10); Lunetta Dec., ¶¶ 1, 15-27 |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 6. | The different firearms licenses and permits issued by the License Division, along with a description of the license type are codified in title 38, chapter 5 of the Rules of the City of New York ("RCNY") (types of handgun licenses) and title 38, chapter 1 of the RCNY (rifle, shotgun, and longarm permits). See 38 RCNY §§ 5-01; 1-02; http://www.nyc.gov/html/nypd/html/permits/handgun_licensing_information.shtml (last visited June 2, 2014). |

**Plaintiff's Response:**

Admitted.

| Par. # | **Defendants' Statement of "Material Fact"** |
|---|---|
| 7. | Holders of Premises Residence handgun licenses are restricted to possessing the licensed weapon at the specific home address designated on the licensee. See 38 RCNY § 5-01(a). |

**Plaintiff's Response:**

<u>Disputed in Part</u>.  Holders of Premises Residence licenses are authorized to transport the licensed firearm but only under certain specified conditions.

| Par. # | **Defendants' Statement of "Material Fact"** |
|---|---|
| 8. | Premises Residence licensees are also authorized to transport the licensed handgun directly to and from an authorized small arms range/shooting club, secured and unloaded in a locked container. See 38 RCNY §§ 5-01(a); 5-22(a)(14). |

**Plaintiff's Response:**

<u>Admitted</u>.

| Par. # | **Defendants' Statement of "Material Fact"** |
|---|---|
| 9. | Pursuant to Penal Law § 400.00(1), "[n]o license shall be issued or renewed pursuant to this section except by the licensing officer, and then only after investigation and finding that all statements in a proper application for a license are true." Article 400 of the Penal Law details the duties of the licensing officer which include, inter alia, determining whether the applicant meets the eligibility requirements set forth under Penal Law § 400.00(1); inspecting mental hygiene records for previous or present mental illness; investigating the truthfulness of the statements in the application; and having the applicant's fingerprints forwarded for review against the records of the New York State Division of Criminal Justice Services ("DCJS") and the FBI "to ascertain any previous criminal record. See Penal Law § 400.00(1). |

**Plaintiff's Response:**

<u>Admitted</u>.

| Par. # | **Defendants' Statement of "Material Fact"** |
|---|---|
| 10. | After an investigation, the licensing officer may not approve the application if, inter alia, "good cause exists for the denial of the license." Penal Law § |

400.00(1)(g).

**Plaintiff's Response:**

Admitted.

| **Par. #** | **Defendants' Statement of "Material Fact"** |

11. In ensuring an applicant meets the requirements of Penal Law § 400.00, the License Division must conduct an investigation that requires an assessment of the applicant's mental hygiene records for previous and present mental illness, an investigation of criminal records, and documentation of the applicant's physical descriptive data. See Penal Law § 400.00(4).

    **Plaintiff's Response:**

    Admitted.

| **Par. #** | **Defendants' Statement of "Material Fact"** |

12. There are currently over 40,000 active licenses that have been issued by the License Division for the possession of handguns in New York City; and over 20,000 active permits for the possession of rifles and shotguns. Lunetta Dec., ¶ 11.

    **Plaintiff's Response:**

    Admitted.

| **Par. #** | **Defendants' Statement of "Material Fact"** |

13. The License Division currently processes an average of 3,200 new applications and over 9,000 renewal applications each year for the issuance and renewal of the various types of handgun licenses issued by the License Division. In addition, the License Division processes an average of 850 applications for rifle and shotgun permits and 5,000 renewal applications per year. Lunetta Dec., ¶ 12.

    **Plaintiff's Response:**

    Admitted.

| **Par. #** | **Defendants' Statement of "Material Fact"** |

14. Currently, the License Division has 79 employees. The License Division is divided into several different sections and units, and is overseen by a five member

Executive Staff, that includes a director, deputy inspector (as commanding officer), a captain (as executive officer), and a lieutenant and sergeant (as Integrity Control Officer and Assistant). Lunetta Dec., ¶ 4.

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 15. | The License Division has an Incident Section that investigates on average 600 incidents pertaining to handgun licenses per year. Lunetta Dec., ¶¶ 14; 23-26. |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 16. | The License Division receives reports from the New York State Division of Criminal Justice System ("DCJS") regarding all arrests made within the State of New York for which an arrestee is fingerprinted. Lunetta Dec., ¶ 23. |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 17. | No formal report is forwarded to the License Division for summonses and other arrests and incidents for which a detainee is not fingerprinted. Lunetta Dec., ¶ 24. |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 18. | The NYPD Department Manual includes a procedure for NYPD personnel to investigate incidents involving holders of handgun licenses and rife/shotgun permits to the License Division Incident Section. Lunetta Dec., ¶ 25, Exhibit "B" (Patrol Guide Procedure 212-118) |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 19. | There is no such class of licenses known as a "target license" under New York State Penal Law. Lunetta Dec., ¶ 27; Penal Law § 400.00. |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 20. | In 2001, the License Division eliminated its issuance of a target license that permitted the transport of a registered firearm, unloaded, to and from an authorized shooting range or club for regular target shooting purposes. Declaration of Michelle Goldberg-Cahn, dated June 5, 2014 ("Goldberg-Cahn Dec."), Exhibits "A" and "B;" Lunetta Dec., ¶ 27. |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 21. | One of the primary reasons that the NYPD eliminated the target license in 2001, was based on the history of incidents reported to and investigated by the License Division of permit holders not complying with the limitations on the target license, Goldberg-Cahn Dec., Exhibits "A" and "B;" Lunetta Dec., ¶¶ 28-31; Exhibits "C" and "D," annexed thereto. |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 22. | The NYPD established a procedure for individuals or organizations to apply to the NYPD for special designation to operate a small arms range in New York City. Lunetta Dec., ¶ 32. |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 23. | The application process includes submission of an application for approval as a Small Arms Range in New York City. Lunetta Dec., ¶ 13, Exhibit "E." |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 24. | The applicant for a license for approval as a Small Arms Range must provide a name and address for the applicant, location for the proposed range, information about whether the proposed range is outdoor or indoors, and if indoors, where in the building it would be located, information about any clubs or organizations the range is associated with, the types of weapons to be used at the range, and other information. Lunetta Dec., ¶ 34; Exhibit "E." |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 25. | NYPD License Division conducts a background check on applicants for approval as Small Arms Ranges, including consulting with the New York City Department of Buildings for a review of the zoning, property, and land use designation for the proposed site. Lunetta Dec., ¶ 35, Exhibit "F." |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|
| 26. | Approval letters for authorized Small Arms Ranges include requirements for the appropriate sound absorbent materials, fireproofing, and specifics on how targets and fire booths must be set up to ensure public safety, along with other rules. Lunetta Dec., ¶ 37; Exhibits "E" and "F." |

**Plaintiff's Response:**

Admitted.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|

27.	There are currently eight NYPD approved Small Arms Ranges in New York City, exclusive of police or military ranges. Lunetta Dec., ¶ 39; Exhibit "G."

**Plaintiff's Response:**

Admitted.

**Par. #**      **Defendants' Statement of "Material Fact"**

28.	Seven of the eight ranges are open to any person possessing a valid NYPD license or permit for a firearm. Lunetta Dec., ¶ 40.

**Plaintiff's Response:**

Disputed in Part. The use of the term "open" implies that they are free to use without joining as a member, which is disputed.

**Par. #**      **Defendants' Statement of "Material Fact"**

29.	There is at least one NYPD approved shooting range open to the public within City borders. Am. Complaint, ¶ 35.

**Plaintiff's Response:**

Disputed in Part. There is only one NYPD-approved shooting range open to the public within City borders. The use of the term "at least one" creates a misleading impression that there may be numerous such ranges.

**Par. #**      **Defendants' Statement of "Material Fact"**

30.	The Westside Rifle & Pistol Range on West 20th Street in Manhattan is open for use to anyone possessing a valid license or permit. Lunetta Dec., ¶ 40.

**Plaintiff's Response:**

Disputed in Part. By defendants' own admission, this range requires a person to become a member. Lunetta Dec., ¶ 40. Moreover, merely because the range is open for use does not mean it is available or convenient.

**Par. #**      **Defendants' Statement of "Material Fact"**

31. The Woodhaven Rifle & Pistol Range in Woodhaven Queens is open for use to anyone possessing a valid license or permit. Lunetta Dec., ¶ 40.

   **Plaintiff's Response:**

   Disputed in Part. By defendants' own admission, this range requires a person to become a member. Lunetta Dec., ¶ 40. Moreover, merely because the range is open for use does not mean it is available or convenient.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|

32. Bay Ridge Road and Gun Club, Inc., located in Bay Ridge, Brooklyn is open for use to anyone possessing a valid license or permit. Lunetta Dec., ¶ 40.

   **Plaintiff's Response:**

   Disputed in Part. By defendants' own admission, this range requires a person to become a member. Lunetta Dec., ¶ 40. Moreover, merely because the range is open for use does not mean it is available or convenient.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|

33. Colonial Rifle & Pistol Club located in Staten Island is open for use to anyone possessing a valid license or permit. Lunetta Dec., ¶ 40.

   **Plaintiff's Response:**

   Disputed in Part. By defendants' own admission, this range requires a person to become a member. Lunetta Dec., ¶ 40. Moreover, merely because the range is open for use does not mean it is available or convenient.

| Par. # | Defendants' Statement of "Material Fact" |
|---|---|

34. The Richmond Borough Gun Club located in Staten Island is open for use to anyone possessing a valid license or permit. Lunetta Dec., ¶ 40.

   **Plaintiff's Response:**

   Disputed in Part. By defendants' own admission, this range requires a person to

become a member. Lunetta Dec., ¶ 40. Moreover, merely because the range is open for use does not mean it is available or convenient.

**Par. #**     **Defendants' Statement of "Material Fact"**

35.     Olinville Arms, located in the Bronx is available to the public for shooting. Lunetta Dec., ¶ 40; Exhibit "H."

**Plaintiff's Response:**

Disputed in Part. The documents attached to Officer Lunetta's Affidavit do not indicate that it does not require membership. Moreover, merely because the range is open for use does not mean it is available or convenient.

**Par. #**     **Defendants' Statement of "Material Fact"**

36.     The Richmond Borough Gun Club holds regular shooting competitions and other events. Lunetta Dec., ¶ 42; Exhibit "I."

**Plaintiff's Response:**

Disputed in Part. The Richmond Borough Gun Club requires membership so regular shooting competitions and other events are only available for those members.

**Par. #**     **Defendants' Statement of "Material Fact"**

37.     Some of the ranges require patrons to pay a fee for use of their range. Lunetta Dec., ¶¶ 29;40.

**Plaintiff's Response:**

Disputed in Part. All of the ranges charge a fee for use of their range. The use of the term "some" creates a misleading impression that there may be certain ranges which do not charge for the use of their range.

**Par. #**     **Defendants' Statement of "Material Fact"**

38.     Some of the ranges require patrons to be members; however, membership is determined by the individual range and is often about the method of payment, much like a gym membership. Lunetta Dec., ¶ 41.

**Plaintiff's Response:**

<u>Disputed in Part</u>. This statement is vague, ambiguous, and misleading. By defendants' own admission, all but one of the ranges require persons to be members.

| | |
|---|---|
| Dated: July 15, 2014 | Respectfully Submitted, |
| | GOLDBERG SEGALLA, LLP |
| | By: /s/ Brian T. Stapleton<br>Brian T. Stapleton, Esq. (BS 5640)<br>Christopher Bopst, Esq. (CB 3168)<br>11 Martine Avenue, 7th Floor<br>White Plains, New York 10606-1934<br>(914) 798-5400<br>bstapleton@goldbergsegalla.com<br>cbopst@goldbergsegalla.com<br>***Counsel For Plaintiffs*** |

2992871.1